IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| C47 TECHNOLOGIES LLC,<br><br>                Plaintiff,<br><br>v.<br><br>APPLE INC.<br><br>                Defendants. | Civil Action No. 7:25-cv-00249<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff C47 Technologies LLC ("C47" or "Plaintiff"), for its Complaint against against Defendant Apple, Inc. (collectively, "Defendant" or "Apple"), alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2. Plaintiff is a limited liability company organized and existing under the laws of the state of Nevada with a principal place of business at 6605 Grand Montecito Parkway, Suite 100, Las Vegas, Nevada 89149.

3. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014. Defendant may be served with process through its registered agent, C T Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendant has purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendant has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendant, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendant has regular and established places of business in this District, including at 12545 Riata Vista Cir., Austin, Texas 78727 and 12801 Delcour Dr. Austin, Texas 78727.

## BACKGROUND

### The Invention

7. Peter R. Rogina is the inventor of several U.S. Patents directed to camera systems for image capturing and processing, including U.S. Patent No. 10,984,605 ("the '605 patent" or "Asserted Patent"), titled "Camera Arrangements with Backlighting Detection and Methods of Using Same."

8. The '605 patent resulted from the pioneering efforts of Mr. Rogina (hereinafter "the Inventor") in the area of multicamera systems for image capturing and processing. The Inventor conceived of the inventions claimed in the '605 patent as a way to improve the combining of digital images from multiple cameras and/or other sensors for display of improved-quality and/or novel perspective images from the merged data. These efforts of the Inventor resulted in the development in the early 2000s of methods and apparati for multicamera/sensor systems, and methods of using multicamera systems to provide improved-quality and/or novel perspective merged images. At the time of these pioneering efforts, the technology used to combine images for display often resulted in problems such as unnatural brightness when the illumination differed in the images being merged. (*See, e.g.*, '605 patent at 2:20-46.)

9. The Inventor developed a system including an array of multiple digital cameras and/or sensors that captures pixel data and illumination data for each pixel, and creates a data file associated with such pixel and illumination data that allows for more efficient and accurate merging, storage, and display of the merged data as a single image having improved and more realistic image quality. (*Id.* at 1:31-44; 2:41-64.) Such systems can be used in a variety of applications including, for example, the merger of: (1) actual pixel/image data captured by multiple digital cameras capturing data using distinct parameters (*Id.* at 1:31-44; 2:41-44; 3:11-26; 4:38-40); (2) actual pixel/image data from multiple digital cameras along with ambient illumination data (*Id.* at 4:44-48; 4:63-5:7); (3) actual pixel/image and illumination data with virtual image data such as augmented reality and telepresence images. (*Id.* at 2:4-40; 4:52-55.)

10. In addition, the Inventor developed the apparatus and methods for capturing images and data for both static images, as well as dynamic images such as those taken consecutively over time to create a series of images such as, but not limited to, those combined to create a video. (*Id.* at 2:65-3:2.). For such dynamic video images, the data obtained (*e.g.*, pixel and/or illumination data) can be used to adjust the combined series of images for a more realistic video appearance to the observer. (*Id.* at 2:57-64.)

11. The Inventor also developed the system for merging multiple images including a camera array having multiple cameras to capture pixel and illumination data of an image using digital cameras using different parameters, and the associated processors required for the parsing, formatting, synchronizing, storing, and combining of such collected data for display as a single improved image. (*Id.* at 3:2-7.)

### Advantages Over the Prior Art

12. The patented inventions disclosed in the '605 patent provided many advantages over the prior art, and in particular improved the technology of systems for capturing, merging, and displaying multiple digital images using associated pixel and illumination data obtained from multiple digital cameras and/or sensors in an array, each using distinct parameters for capturing the pixel and/or illumination data. For example, the '605 patent discloses a system including a camera array of multiple cameras and/or sensors mounted in various configuations, each camera or sensor having appropriate circuitry and connectivity with at least one processing chip (processor or application specific IC) used to merge and store pixel and illumination data captured from the individual cameras and/or sensors within the array, in order to create a combined image for display to the observer. (*Id.* at 3:11-4:37; 8:3-16, 8:58-67, 14:8 and 14:19- 20.)

13. Another advantage of the patented invention is that it provides a system and method for providing more realistic combined images by, for example, capturing images using multiple cameras and/or sensors, formatting and storing the captured pixel and illumination data for each pixel in order to improve the processor's ability to control the merger and storage of the multiple images by, for example,

the creation of data files associated with the captured pixel and illumination data that can be used to parse, synchronize, and compress the captured pixel and illumination data. (*Id.* at 1:33-44; 2:65-3:7; 4:18-20; 4:63-5:7; 5:50-67; 7:24-33; 7:51-8:16; 8:31-11:16; 11:61-12:16; 12:38-44.)

14. Another advantage of the patented invention is that illumination in a series of images can change over time, and so the present invention can use illumination data—whether as a parameter of the captured pixel data or as ambient illumination collected simultaneously with the capture of pixel data by a camera, in order to adjust the illumination of any superimposed images—whether virtual or real, whether static or dynamic—in order to maintain a consistent illumination over time within the combined images. (*Id*. at 2:58-64; 4:56-5:14 and 11:33-40.)

### **Technological Innovation**

15. The patented invention disclosed in the '605 patent resolves technical problems related to the operations of systems used for the capture, processing, merger, and display of multiple digital images as a single image. In particular, the '605 patent resolves problems related to the utilization of multiple cameras and/or sensors having different parameters to capture, process, and merge multiple digital images for display as a single image. As the '605 patent explains, prior art methods of combining multiple images often resulted in brightness variations of the combined images resulting in an unnatural appearance—whether with respect to combining real and virtual images whose illumination was "assumed" based on modeling, (*see* '605 patent at 2:4-19), or with respect to combining two actual images (*Id.* at 2:41-44)

16. In addition, the claims of the '605 patent recite inventive concepts that improve the functioning of camera systems in products such as cellular phones, tablets, and similar mobile devices that include camera arrays and associated circuitry, software, firmware, processors, and/or applications that enable features that combine multiple digital images that are captured using different parameters including, but not limited to, Apple products with various features (*e.g.*, Portrait Mode) found in numerous Apple mobile

devices including, but not limited to: the iPhone X, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, and iPhone 11 Pro Max, iPhone 12, iPhone 12 Mini, iPhone 12 Pro, and iPhone 12 Pro Max, iPhone 13, iPhone 13 Mini, iPhone 13 Pro, and iPhone 13 Pro Max, iPad Pro 11in and iPad Pro 12.9in (collectively the "Accused Products").

17. Accordingly, the claims in the '605 patent recite a patentable combination of specific structural elements and corresponding methodologies of using those elements to provide specific data files for improving the processing of the obtained pixel or illumination data in order to merge, store, parse, synchronize, compress and ultimatley display the merged data from the multiple images as a single image. The '605 patent does so with sufficient disclosure to ensure that the claims in substance and in practice amount to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,984,605

18. The allegations set forth in the foregoing paragraphs 1 through 27 are incorporated into this First Claim for Relief.

19. On April 20, 2021, the '605 patent was duly and legally issued by the United States Patent and Trademark Office under the title "CAMERA ARRANGEMENTS WITH BACKLIGHTING DETECTION AND METHODS OF USING SAME."

20. Plaintiff is the assignee and owner of the right, title and interest in and to the '605 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it. Additionally, the assignments for the '605 patent were recorded in the U.S. Patent and Trademark Office on January 23, 2024, at Reel/Frame 066335/0987, and on May 10, 2024, at Reel/Frame 067381/0574.

21. Upon information and belief, Apple has directly infringed one or more claims of the '605 patent by making, using, selling, offering to sell, importing and/or providing and causing to be used, products, specifically one or more cellular phones and other mobile devices containing camera arrays with multiple

digital cameras and/or sensors, used in conjunction with circuitry, at least one processor, and software/firmware that enable users of the Apple products to use applications and features including, but not limited to, Apple products with various features (*e.g.*, Portrait Mode) found in numerous Apple mobile devices including, but not limited to the Accused Products.

22. As shown in the attached Exhibit A, for example, exemplary features of the Accused Products such as the "3D" are found in the Accused Products and cause infringement of asserted claims of the '605 patent.

23. The Accused Instrumentalities infringed at least claims 1, 2, 3, 4, 5, 6, 8, 9, 16, 19, 20, 24, 27, 35, 36, 37, 38, 39, 40, 42, 43, 48, 51, 52, 56, and 59 of the '605 patent during the pendency of the '605 patent, and in particular from April 20, 2021 to October 15, 2022. This Complaint is in compliance with 35 U.S.C. §287 as no products have ever been commercialized or licensed by patent owner under the '605 patent.

24. Plaintiff has been harmed by Apple's infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1. Declaring that Defendant has infringed the Patents-in-Suit;
2. Awarding Plaintiff its damages suffered because of Defendant's infringement of the Patents-in-Suit;
3. Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest; and
4. Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/* Christopher A. Honea
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**